T.C. Summary Opinion 2004-131


UNITED STATES TAX COURT


THERESA E. BRADY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6768-03S.            Filed September 21, 2004.


Theresa E. Brady, pro se.

Robert E. Marum, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $420 in petitioner's 1999 Federal income tax.

The issue for decision is whether petitioner's reported pro rata share of an S corporation's loss should be reduced after the corporation's reported loss was examined and adjusted by respondent.

Petitioner resided in Lincoln, Rhode Island, at the time she filed her petition.

Some of the facts in this case have been stipulated and are so found.

During 1999, petitioner was a revenue agent for the Internal Revenue Service. She also was a 10-percent shareholder of King's Grant Water Company (the water company), an S corporation. The water company sold water to people living in North Attleboro, Massachusetts.

For 1999, the water company filed a Form 1120S, U.S. Income Tax Return for an S Corporation. The water company reported an ordinary loss of $16,211.26 on Schedule K, Shareholders' Shares of Income, Credits, Deductions, etc., attached to its Form 1120S. The water company reported $1,621.13 as petitioner's pro rata share of the ordinary loss on Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc.

For 1999, petitioner reported a distributive loss from the water company of $1,621 (rounded) on Schedule E, Supplemental

Income and Loss.  She attached the Schedule E to her Form 1040, U.S. Individual Income Tax Return.

Subsequent examination of the water company's Form 1120S resulted in adjustments of $13,287 and $1,157 to "Legal & professional fees" and "Depreciation", respectively.  This total adjustment of $14,444 reduced the water company's reported ordinary loss of $16,211.26 to $1,767.  The water company accepted these figures.  Petitioner's pro rata share of the corrected ordinary loss was determined to be $177 on Form 886-X, Small Business Corporation Shareholder's Shares of Income.

$1,444 is 10 percent of the $14,444 adjustment.  Petitioner claimed a loss of $1,621 on her return.  As a result of the corporate adjustment, the $1,621 was reduced by $1,444, resulting in a $177 corrected loss.  The reduction to petitioner's pro rata share of the water company's corrected ordinary loss gave rise to the deficiency in issue.  The notice of deficiency mentioned under the heading "remarks" two losses totaling $20,762.  In her petition, petitioner questioned the manner in which the water company accounted for the two loans noted in the notice of deficiency.

In general, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  No question has been raised with respect to the burden of proof

under section 7491(a).  Barela v. Commissioner, T.C. Memo. 2004-175.

An S corporation's loss flows through to its shareholders on a pro rata basis.  Sec. 1366(a).  Section 6037(c) requires consistent treatment between the S corporation and shareholder's returns.  It follows that adjustment to an S corporation's loss requires the adjustment to a shareholder's pro rata share of that loss.  Any remedy that petitioner may have against the water company lies in State court, rather than with this Court.

On this record, we conclude that petitioner's reported pro rata share of the water company's loss should be reduced by the amount determined by respondent.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for respondent.